UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| U.L. COLEMAN COMPANY, LTD, ET AL. | CIVIL ACTION NO. 08-2011 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| BOSSIER CITY-PARISH METROPOLITAN PLANNING COMMISSION, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is a Motion to Dismiss on Behalf of the Bossier City Office of Permits and Inspections ("Office of Permits") and the City Council of Bossier City ("City Council"). See Record Document 67.  The Office of Permits and the City Council move for dismissal pursuant to Federal Rule of Civil Procedure Rule 12(b),[1] arguing that neither of them are legal entities capable of being sued.  See id.  Instead, the Office of Permits and the City Council maintain that they simply function as agencies, divisions, or branches of the City of Bossier City ("the City"), the proper party to be sued.  See id.

While the Plaintiffs technically oppose the motion, they concede certain arguments:

> Plaintiffs respond that although dismissal on [the] basis [that the Office of Permits and the City Council have no capacity to be sued] would be in order assuming the evidence cited by Movants is correct, such dismissal should be without prejudice at best.  Discovery may show that the position urged by Movants is not correct.  Since this is a preliminary motion, no prejudice would be caused to Movants to allow Plaintiffs the opportunity to re-name the Movants should their status as juridical persons change.

Record Document 71 at 1.  Plaintiffs also indicated that they would file an amended

---

[1]The instant motion is brought pursuant to Rule 12(b).  Although Rule 12(b) does not specifically authorize a motion to dismiss based on lack of capacity to be sued, federal courts traditionally have entertained certain pre-answer motions that are not expressly provided for by the rules or by statutes.  See Angers ex rel. Angers v. Lafayette Consol. Gov't, No. 07-0949, 2007 WL 2908805, *1 at n. 1 (W.D. La. Oct. 3, 2007).  One such motion is a motion raising a lack of capacity to sue or be sued.  See id.  The Fifth Circuit has implicitly approved 12(b) motions arguing the lack of capacity to be sued.  See id., citing Darby v. Pasadena Police Dep't, 939 F.2d 311 (5th Cir.1991).

complaint to add the City as a defendant in this case. See id. at 2. Plaintiffs filed such amended complaint on March 28, 2009. See Record Document 75.

Federal Rule of Civil Procedure 17(b)(3) provides, in pertinent part, that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." F.R.C.P. 17(b)(3); see also Darby v. Pasadena Police Dep't, 939 F.2d 311, 313 (5th Cir.1991). Thus, this Court will look to Louisiana law to determine whether the Office of Permits and the City Council are entities capable of being sued.

Under Louisiana law, there are two kinds of persons: natural persons and juridical persons. See La. C.C. Art. 24. Article 24 further states:

> A natural person is a human being. A juridical person is an entity to which the law attributes personality, such as a corporation or a partnership. The personality of a juridical person is distinct from that of its members.

Id. "[T]he law grants to [juridical persons] the power to participate in legal life by the attribution of legal personality." Brown v. State Farm Fire & Cas. Co., 2000-0539 (La. App. 1 Cir. 6/22/01), 804 So.2d 41, 44.

Here, the Court must determine whether the Office of Permits and the City Council are separate juridical persons capable of being sued. As to governmental units or entities, Louisiana courts have held:

> [T]he determination that must be made in each particular case is whether the entity can appropriately be regarded as an additional and separate government unit for the particular purpose at issue. In the absence of positive law to the contrary, a local government unit may be deemed to be a juridical person separate and distinct from other government entities, when the organic law [or its creating authority] grants it the legal capacity to function independently and not just as the agency or division of another governmental entity.

Roberts v. Sewerage and Water Bd. of New Orleans, 92-2048 (La. 3/21/94), 634 So.2d 341, 346-347. The organic law or creating authority in this case is the City Charter of the

City.  See Record Document 86.

The City Charter states that the City is a municipal corporation and body politic and that it shall have perpetual succession.  See id. at §1.01.  The City Charter likewise provides that the Mayor shall be the chief executive officer of the City and that all powers of the City shall be vested in the City Council.  See id. at §§ 3.07, 4.01.  The City Charter makes no reference to the City Council as a separate juridical person and does not state that the City Council has the legal capacity to sue or be sued.  Further, Louisiana courts have consistently reasoned that city councils are not separate government units with the capacity to sue or be sued.  See City Council of City of Lafayette v. Bowen, 94-584 (La.App. 3 Cir. 11/2/94), 649 So.2d 611; Roy v. Alexandria City Council, 2007-1322 (La. App. 3 Cir. 5/7/08), 984 So.2d 191.  Rather, city councils are branches or parts of the greater corporate body politic or juridical entity, i.e., the city itself.  See id.  Based on this reasoning, the City Council is not an additional and/or separate governmental unit with the power to sue or be sued.  Instead, it functions as a branch or part of the greater corporate body politic or juridical entity and does not possess the capacity to be sued.

Likewise, a review of the City Charter reveals no provision(s) allowing or otherwise granting the Office of Permits the power to function independently of, or as a separate government unit, from the City.  Instead, the City Charter establishes an Engineering Department, which is subdivided into divisions which "may consist of, but not be limited to, Infrastructure Construction Inspection, Geographic Information Systems, Traffic Engineering and Permits and Inspection."  See Record Document 86 at § 9.01. Section 9.07 of the City Charter specifically provides:

> The City Engineer may designate an individual highly qualified and experienced in all types of building and construction and capable of estimating project costs to be chief of this division.  This shall be an

> unclassified employee position. The Division Chief shall be responsible for, but not limited to, supervision of the following branches: permits, inspections and property standards. The Division Chief may hire necessary inspectors if within his/her budget. These inspectors shall be unclassified employees. It shall be their responsibility to inspect buildings, plumbing, electrical and mechanical systems. This division shall operate in accordance with ordinances and other management directives applicable to their respective inspection function.

Id. at § 9.07. Based on the plain language of Sections 9.01 and 9.07, it is clear that the Office of Permits is not an additional and separate government unit/entity, but rather a division and/or agency of the greater corporate body politic/juridical entity, the City. Jurisprudence relating to this issue also confirms that municipal departments/divisions such as the Office of Permits are not separate juridical entities that possess the requisite legal capacity to sue or be sued. See Angers ex rel. Angers v. Lafayette Consol. Gov't, No. 07-0949, 2007 WL 2908805 (W.D. La. Oct. 3, 2007); Batiste v. Bonin, No. 06-1352, 2007 WL 1791219 (W.D. La. June 13, 2007). Based on this rationale, the Office of Permits does not have the legal capacity to function independently. Rather, it operates as a division within the Engineering Department of the City. It is therefore not a juridical entity with the requisite procedural capacity to sue or be sued.[2]

Accordingly,

**IT IS ORDERED** that the Motion to Dismiss on Behalf of the Bossier City Office of Permits and Inspections and City Council of Bossier City (Record Document 67) be and is hereby **GRANTED**. All claims against the Bossier City Office of Permits and Inspections

---

[2]Plaintiffs maintain that any dismissal should be without prejudice, such that they would have the opportunity to rename the City Council and the Office of Permits if discovery indicated that their status as juridical persons changed. The Court is unpersuaded by this argument. Further, as noted by the City Council and the Office of Permits in their reply, the Plaintiffs have failed to provide legal authority for a dismissal without prejudice under this set of circumstances.

and City Council of Bossier City are **DISMISSED WITH PREJUDICE**.

      **THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 29th day of October, 2009.

                                                       S. MAURICE HICKS, JR.
                                        UNITED STATES DISTRICT JUDGE