UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| U. L. COLEMAN CO., LTD, ET AL | CIVIL ACTION NO. 08-cv-2011 |
| VERSUS | JUDGE HICKS |
| BOSSIER CITY-PARISH METROPOLITAN PLANNING COMMISSION, ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

**Introduction**

This is a civil rights lawsuit. Plaintiffs allege that Bossier City officials conspired to torpedo Plaintiffs' proposed Walker Place development by denying curb cut access to the Bossier City Parkway. Before the court is Plaintiffs' Motion to Set Guidelines for the Deposition of James Hall. Doc. 199. For the reasons that follow, the motion is granted in part and denied in part.

Mr. Hall is the City Attorney for Bossier City. Plaintiffs argue that Mr. Hall's client is the City, not the individual council or board members. Plaintiffs contend that the City's privilege must therefore be limited to communications between Mr. Hall and the full City Council. Plaintiffs also argue (in their reply brief) that the crime-fraud exception to the privilege is applicable.

Defendants respond that, pursuant to Section 8.01 of the City's Charter, Mr. Hall represents the City Council, the individual council members, the Mayor, and all boards and commissions of City government – including the Metropolitan Planning Commission

("MPC"). Defendants acknowledge that, to the extent Mr. Hall has personal knowledge obtained from non-privileged communications, his testimony is not subject to the attorney-client privilege. Defendants also acknowledge that Mr. Hall's communications of facts to the City Council, Mayor, or other City representative, is not immune from discovery. However, Defendants ask the court to prohibit Plaintiffs from asking any questions that would call for the disclosure of any communications related to legal advice sought from or opinions rendered by Mr. Hall.

**Analysis**

> [I]t is now well established that communications between government agencies and agency counsel are protected by the privilege as long as they are made confidentially and for the purpose of obtaining legal advice for the agency. The questions raised, however, are invariably problematic in light of the principle that the reasons and bases of government actions which affect the governed should be transparent.

Epstein, The Attorney-Client Privilege and Work-Product Doctrine (ABA 2007), Vol. 1, p. 81. See also Ross v. City of Memphis, 423 F.3d 596, 603 (6th Cir. 2005)(holding that a municipality can assert the attorney-client privilege in civil proceedings). Non-disclosure impinges on open government, but public officials are duty-bound to understand and respect constitutional, judicial, and statutory limitations on their authority; thus, their access to candid legal advice directly and significantly serves the public interest. In re County of Erie, 473 F.3d 413, 419 (2nd Cir. 2007). See also Wasserman, The Attorney-Client Privilege and Work Product Immunities in Federal Court Civil Rights Litigation Involving State and Local Governments, 806 PLI/Lit 855, 911-913 (Oct. 29, 2009)(attorney-client privilege plays a

vital role in fostering adherence to law and preventing government entities from being disadvantaged in litigation).

The court is satisfied, after studying Section 8.01 of Bossier City's Charter, that an attorney-client relationship exists between the City Attorney and the City, the Mayor, the City Council, and Bossier City's duly established boards and commissions. Chase v. City of Portsmouth, 236 F.R.D. 263, 265 (E.D. Va. 2006)(the identity of who may assert the privilege and who may waive it is a question of local governmental law). This does not mean that every conversation Mr. Hall had with every councilman or other city representative about the proposed Walker Place development is privileged. Plaintiffs' motion was filed before the deposition of the City Attorney, so the court is unable to examine the specific context of any particular communications to determine whether the individual with whom the City Attorney was communicating was acting as a client in their capacity as a City employee. Buonauro v. City of Berwyn, 2011 WL 116870 (N.D. Ill. 2011)("To determine whether communications were made primarily for the purpose of providing legal services, the court must consider the context in which they were made."), *modified on reconsideration*, 2011 WL 2110133 (N.D. Ill. 2011). The court can say that, as a municipality, Bossier City may act only through its employees, so these communications may be protected by the attorney-client privilege. Criswell v. City of O'Fallon, 2008 WL 250199 (E.D. Mo. 2008).

Generally, the conversations will be protected only if they were made (a) confidentially and (b) for the purpose of obtaining or providing legal advice. The presence of (or voluntary disclosure to) a third party may constitute a waiver of the privilege. Alldread

v. City of Grenada, 988 F.2d 1425, 1434 (5th Cir. 1993); Dzierbicki v. Township of Oscoda, 2009 WL 1491116 (E.D. Mich. 2009)(no waiver found where presence of third parties was necessary to provide information to the attorney to enable him to render legal advice to the town's decision makers). Furthermore, the privilege extends only to communications and not to the underlying facts. Bross v. Chevron, 2009 WL 854446 (W.D. La. 2009); Myers v. City of Highland Village, 212 F.R.D. 324, 326 (E.D. Tex. 2003). And if Mr. Hall's advice pertained to political issues, rather than legal issues, the advice is not privileged. In re Lindsey, 148 F.3d 1106 (D.C. 1998). Beyond confirmation of these general principles, the court cannot opine further.

Plaintiffs' argument that Mr. Hall does not represent the MPC because the MPC was formed by an Act 189 of the Louisiana Legislature in 1954, rather than the City Charter, is not persuasive. The MPC was established by Bossier City Ordinance 579 of 1954 (pursuant to the authority granted by the Louisiana Legislature in Act 189). The court finds that the MPC is, at least for the purposes of the attorney-client privilege, a "board or commission" under Section 8.01 of the City's Charter. Accordingly, the attorney-client privilege may exist regarding confidential communications between Mr. Hall and the MPC (or its Executive Director).

Plaintiffs' argument for application of the crime-fraud exception to the privilege is also unpersuasive. The showing attempted by Plaintiffs in their reply brief falls far short of what courts have required before applying that exception. See, e.g., Wood v. Freeman, 854 F.2d 780, 789-790 (5th Cir. 1988); Industrial Clearinghouse v. Browning, 953 F.2d 1004,

1008 (5th Cir. 1992); Whitney Nat. Bank v. Hachity, 2001 WL 167748 (E.D. La. 2001); Criswell v. City of O'Fallon, 2008 WL 250199 (E.D. Mo. 2008)(whether the advice of the City's attorney was sought in furtherance of the alleged illegal activity required a finding on the ultimate question in the lawsuit; movant failed to meet its burden of showing the crime-fraud exception applied).

      THUS DONE AND SIGNED in Shreveport, Louisiana, this 12th day of December, 2011.

                                            MARK L. HORNSBY
                                     UNITED STATES MAGISTRATE JUDGE