UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| U. L. COLEMAN CO., LTD, ET AL | CIVIL ACTION NO. 08-cv-2011 |
| VERSUS | JUDGE HICKS |
| BOSSIER CITY-PARISH METROPOLITAN PLANNING COMMISSION, ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the court is **Plaintiffs' Motion to Increase Number of Depositions up to 40. Doc. 218.** The matter has been extensively briefed. See Docs. 218, 221, 229, and 237.

In the parties' Rule 26 Case Management Report (Doc. 124), Plaintiffs represented that they would need between 20 and 25 depositions of fact witnesses. Following a detail discussion with counsel during the initial scheduling conference, the court ordered that each side could take 25 fact depositions (15 more than contemplated by Rule 30(a)(2)). Doc. 125. Plaintiffs subsequently requested leave to take more depositions and, following another status conference, the court increased the number of fact depositions to 30 per side. Doc. 197.

In their current motion, Plaintiffs state that they have uncovered information regarding more aspects of "what is coalescing as the form of a plan of wrongdoing... engaged in by officials of the City of Bossier City...." Doc. 218-1, p. 2. Plaintiffs state that the current limit of 30 depositions prejudices Plaintiffs' ability to complete the discovery necessary to address all of the issues at trial. Id. Plaintiffs further state that, due to Defendants' destruction of

evidence of Defendants' meetings, Defendants have so far been enjoying "a comfortable blanket of secrecy over this case." Id., p. 3. According to Plaintiffs, an "open and wide-ranging deposition plan is the last best hope that any record of this kind can ever be reconstructed." Id.

Plaintiffs' arguments to increase the number of depositions to 40 are not persuasive. While this case is complex, it is not *that* complex. None of the additional deponents identified by Plaintiffs in their motion (Jimmy Hall, Mo Parker, Patrick Jackson, Brown Builders, and Montgomery Agency) were unknown to these parties when discovery first began. When the court originally ordered that 25 depositions could be taken, certainly the court understood that – even with 15 extra depositions per side – the parties would have to make hard choices about which potential witnesses should (or should not) be deposed.

The Federal Rules recognize a presumptive limit of ten depositions. Landry v. St. James School Board, 2000 WL 1741886 (E.D. La. 2000). Since that rule was adopted, this court has been very generous with requests to exceed the presumptive limit. Twice in this case the limit has been extended. Plaintiffs have not satisfied the court that yet another extension is warranted. Accordingly, the Motion (Doc. 218) is denied.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 10th day of January, 2012.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE