UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| U.L. COLEMAN COMPANY, LTD, ET AL. | CIVIL ACTION NO. 08-2011 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| BOSSIER CITY-PARISH METROPOLITAN PLANNING COMMISSION, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is a Magistrate Appeal (Record Document 233) filed by the Plaintiffs. Plaintiffs argue that Magistrate Judge Hornsby's Memorandum Order (Record Document 222) of December 12, 2011, which granted in part and denied in part Plaintiffs' Motion to Set Guidelines for the Deposition of City Attorney James Hall, was clearly erroneous and contrary to law. Defendants oppose the Magistrate Appeal. See Record Document 239. For the reasons which follow, the Magistrate Appeal is **DENIED** and Magistrate Judge Hornsby's Memorandum Order of December 12, 2011 is **AFFIRMED**.

Plaintiffs' Motion to Set Guidelines for the Deposition of Mr. Hall related to the scope of the City's attorney-client privilege. More specifically, Plaintiffs argued that the City's privilege should be limited to communications between Mr. Hall and the full City Council. Plaintiffs argued in their reply brief that the crime-fraud exception to the privilege was also applicable.

In his ruling, the Magistrate Judge stated:

> The court is satisfied, after studying Section 8.01 of Bossier City's Charter, that an attorney-client relationship exists between the City Attorney and the City, the Mayor, the City Council, and Bossier City's duly established boards and commissions.

Record Document 222 at 3. The Magistrate Judge further found that the Metropolitan Planning Commission ("MPC") was, at least for the purposes of the attorney-client privilege, a "board or commission" under Section 8.01 of the City's Charter. Id. at 4. Finally, the

Magistrate Judge found Plaintiffs' argument for application of the crime-fraud exception to the privilege unpersuasive, stating:

> The showing attempted by Plaintiffs in their reply brief falls far short of what courts have required before applying that exception.

Id. at 4.

The decision by a magistrate judge as to discovery issues is a non-dispositive matter. This action is not listed in 28 U.S.C. § 636(b)(1)(A) as one of the dispositive motions (often referred to as the "excepted motions") that a magistrate judge may not conclusively decide. Magistrate Judge Hornsby's Memorandum Order of December 12, 2011 is not a recommendation to the district court; rather, it is an order from the magistrate judge on a non-dispositive matter that requires the district court to uphold the ruling unless it is clearly erroneous or contrary to law. See 28 U.S.C. § 636(b)(1)(A); see also Castillo v. Frank, 70 F.3d 382, 385 (5th Cir. 1995); Perales v. Casillas, 950 F.2d 1066, 1070 (5th Cir.1992). This Court will review the Magistrate Judge's legal conclusions de novo, and will review his factual findings for clear error. See Choate v. State Farm Lloyds, No. 03-CV-2111, 2005 WL 1109432, *1 (N.D.Tex. May 5, 2005).

In their appeal, Plaintiffs do not contest the Magistrate Judge's finding that an attorney-client relationship exists between the City Attorney and the City, the Mayor, the City Council, and Bossier City's duly established boards and commissions, including the MPC. Thus, the Court will focus on Plaintiffs' argument relating to the crime-fraud exception and the "placing-in-issue waiver." Record Document 233-1.

The Court first notes that it need not address the "placing-in-issue waiver" argument[1]

---

[1] Plaintiffs contend that Defendants are attempting to use the attorney-client communications as a sword to provide the authority of the law to their actions, and thereafter assert privilege as a shield to prevent cross-examination of the attorney on that

urged by Plaintiffs in the appeal because such waiver argument was not presented to the Magistrate Judge in the first instance. See Rodriguez v. Pataki, 293 F.Supp.2d 313, 315 (S.D.N.Y. 2003) ("The Court denies Plaintiffs' and Defendant's requests contained in their objections for rulings on issues not addressed by Magistrate Judge Maas. The Court has referred all discovery disputes in this case to Magistrate Judge Maas and he is in the best position to review them in the first instance."); Long v. McCotter, 792 F.2d 1338, 1345 (5th Cir.1986) ( "[W]e ordinarily do not consider issues that have not been presented to the court of first instance"); Anna Ready Mix, Inc. v. N.E. Pierson Construction Co., 747 F.Supp. 1299, 1302-1303 (S.D.Ill.1990) (thoroughly analyzing the federal Magistrate Judge Act and discerning therefrom that when a matter is assigned to a Magistrate Judge, Congress intended that the Magistrate Judge hear all arguments of the parties and take all evidence; and, accordingly, holding that while the Act provides for *de novo* review by the district court if timely objections are filed, it does not allow the parties to raise at the district court stage new evidence, argument, and issues that were not presented to the Magistrate Judge-"absent compelling reasons"). While Plaintiffs disagree, this Court's review of Plaintiffs' previous briefing reveals only a passing reference to a "sword" and "shield" but no argument that Plaintiffs would be deprived of their right to effective cross-examination, the crux of the argument presented on appeal.

The Court further finds that the Magistrate Judge's ruling as to the crime-fraud exception was neither clearly erroneous nor contrary to law. As stated by the Magistrate Judge in his ruling, the showing attempted by Plaintiffs falls far short of what courts have required before applying the crime-fraud exception. In their appeal, Plaintiffs appear to

---

same subject matter. See Record Document 233-1 at 11.

urge the Court to recognize a "crime-fraud-tort-wrongdoing exception." Yet, they provide no case law or other persuasive authority that such an exception even exists.[2] Such argument, or rather the lack thereof, is simply not sufficient for the Court to overturn the Magistrate Judge's finding as to the applicability of the exception. The Magistrate Judge's ruling as to crime-fraud exception will, therefore, be upheld.

Accordingly,

**IT IS ORDERED** that the Magistrate Appeal (Record Document 233) filed by the Plaintiffs is **DENIED** and that Magistrate Judge Hornsby's Memorandum Order (Record Document 222) of December 12, 2011 is **AFFIRMED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 11th day of June, 2012.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE

---

[2] In their appeal, Plaintiffs argue:

> Plaintiffs have not been able to identify a case where the above burden has been applied to a claim of wrongdoing in the form of tort, which claim is cognizable under the "crime-fraud-tort" exception in the Fifth Circuit. However, in the absence of a stated burden of proof, some statement of the requisite showing or other guidance from the Magistrate Judge, Plaintiffs discuss the test set forth above as the applicable test.

Record Document 233-1 at 6.