UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| U.L. COLEMAN COMPANY, LTD, ET AL. | CIVIL ACTION NO. 08-2011 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| BOSSIER CITY-PARISH METROPOLITAN PLANNING COMMISSION, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is a Magistrate Appeal (Record Document 258) filed by the Plaintiffs. Plaintiffs argue that Magistrate Judge Hornsby's Memorandum Order (Record Document 252) of February 23, 2012 is clearly erroneous and contrary to law. More specifically, Plaintiffs challenge the portion of the ruling addressing Brown Builders' Motion to Quash Subpoenas. See id.[1] Both Defendants and Brown Builders, who is a non-party, oppose the Magistrate Appeal. See Record Documents 263 & 264. For the reasons which follow, the Magistrate Appeal is **DENIED** and Magistrate Judge Hornsby's Memorandum Order of February 23, 2012 is **AFFIRMED**.

Brown Builders filed a Motion to Quash Subpoenas (Record Document 219) seeking to quash subpoenas issued by Plaintiffs both to Brown Builders, Inc. and to the Department of Housing and Urban Development ("HUD") seeking documents pertaining to apartment projects associated with Brown Builders. Brown Builders argued in the motion that the subpoenas were over broad and sought irrelevant and confidential information. Plaintiffs responded that the subpoenas seek relevant information, as Brown Builders was a beneficiary of Defendants' wrongdoing in connection with Walker Place.

In ruling on the Motion to Quash Subpoenas, the Magistrate Judge held that Brown

---

[1] The Magistrate Judge's Memorandum Order addressed several discovery-related motions. In their appeal, Plaintiffs contest only the Magistrate Judge's finding as to Brown Builders' Motion to Quash Subpoena.

Builders' work on unrelated projects on different properties was irrelevant to the claims and defenses in this case. See Record Document 252 at 2. The Magistrate Judge reasoned:

> The motion is granted as to the HUD subpoena and granted in part as to the Brown Builders subpoena. Plaintiffs have not satisfied the court that they should be given license to examine confidential and other business information of a competitor pertaining to projects other than Walker Place. Presumably, other businesses in South Bossier may have benefitted from the delay (whatever the cause) in the development of Walker Place, but that possible benefit does not justify allowing Plaintiffs to rummage through their confidential business information.

Id. The Magistrate Judge further noted that the ruling was consistent with the position taken by Plaintiffs in opposition to another motion to compel in this case, wherein the Plaintiffs stated: "The only possible relevant evidence in these proceedings is witnesses and documents that relate directly to the Walker Place Development." Id., citing Record Document 240. Thus, the motion to quash was denied as to three categories of information: communications with Bossier City regarding Walker Place; communications with Bossier City regarding the Teague Parkway;[2] and documents regarding Walker Place Development. See id. at 2-3.

The decision by a magistrate judge as to discovery issues is a non-dispositive matter. This action is not listed in 28 U.S.C. § 636(b)(1)(A) as one of the dispositive motions (often referred to as the "excepted motions") that a magistrate judge may not conclusively decide. Magistrate Judge Hornsby's Memorandum Order of February 23, 2012 is not a recommendation to the district court; rather, it is an order from the magistrate judge on a non-dispositive matter that requires the district court to uphold the ruling unless it is clearly erroneous or contrary to law. See 28 U.S.C. § 636(b)(1)(A); see also Castillo

---

[2]The Magistrate Judge limited this item of information "to communications regarding curb cuts on the Teague Parkway." Record Document 252 at 2.

v. Frank, 70 F.3d 382, 385 (5th Cir. 1995); Perales v. Casillas, 950 F.2d 1066, 1070 (5th Cir.1992). This Court will review the Magistrate Judge's legal conclusions de novo, and will review his factual findings for clear error. See Choate v. State Farm Lloyds, No. 03-CV-2111, 2005 WL 1109432, *1 (N.D.Tex. May 5, 2005).

The Court has reviewed the entirety of the briefing on this matter and finds that the Magistrate Judge's ruling as to the Motion to Quash Subpoenas was neither clearly erroneous nor contrary to law. Plaintiffs have simply not met their burden of demonstrating that the relevancy finding made by the Magistrate Judge was clearly erroneous or contrary to law. Additionally, the undersigned notes that nothing in the briefing on this matter convinces the Court that there is justification for Plaintiffs to rummage through Brown Builders' confidential business information relating to projects other than Walker Place. The Magistrate Judge's ruling as to the Motion to Quash Subpoenas will, therefore, be upheld.

Accordingly,

**IT IS ORDERED** that the Magistrate Appeal (Record Document 258) filed by the Plaintiffs is **DENIED** and that Magistrate Judge Hornsby's Memorandum Order (Record Document 252) of February 23, 2012 is **AFFIRMED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 12th day of June, 2012.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE