UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| U.L. COLEMAN COMPANY, LTD, ET AL. | CIVIL ACTION NO. 08-2011 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| BOSSIER CITY-PARISH METROPOLITAN PLANNING COMMISSION, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is the City of Bossier City's Rule 12(f) Motion to Strike from Plaintiffs' Motion to Enforce, Motion for Protective Order or, in the Alternative, Motion in Limine. See Record Document 482. Plaintiffs have opposed the motion. See Record Document 495. For the reasons set forth below, the City's Motion to Strike/Motion for Protective Order (Record Document 482) is **GRANTED**.[1]

The City seeks an order striking from Plaintiffs' Motion to Enforce Consent Decree and Cooperative Endeavor Agreement and memorandum in support (Record Documents 475 and 475-1) the following items:

1. Plaintiffs' unsupported and inaccurate accusations of the City's comparative economic development efforts between the City's Barksdale Boulevard Redevelopment District and Barksdale South Neighborhood Redevelopment District at issue in this case, the City's economic development efforts in other areas of Bossier City, including downtown, and

2. Plaintiffs' rehashing of the boundaries for the two Redevelopment Districts at issue in this case.

Record Document 482 at 1. The City further requests a protective order precluding discovery on these matters. See id.

---

[1]Since the Court has granted the Motion to Strike/Motion for Protective Order, it need not reach the City's alternative Motion in Limine.

Plaintiffs oppose the City's motion, first noting that motions to strike are disfavored, the City has shown no prejudice, and the heavy burden associated with protective orders. See Record Document 495 at 2, 7-8. Plaintiffs also argue that a review of performances by the City in relation to the Implementation Plan for the Downtown Re-Envisioning Plan and in relation to the Barksdale Boulevard Redevelopment District and the Barksdale South Neighborhood Redevelopment District will show that the City is continuing in its efforts to underperform as to its obligations regarding the two Redevelopment Districts at issue in this case. See id. at 3. Simply put, Plaintiffs maintain that the City has made a complete commitment to the Downtown Re-Envisioning Plan and only engaged in a minimal effort as to the Barksdale Boulevard Redevelopment District and the Barksdale South Neighborhood Redevelopment District. See id. at 5.

Legal Standards

Rule 12(f) provides that "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." F.R.C.P. 12(f). The Fifth Circuit has stated that motions to strike are generally disfavored. See Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, 677 F.2d 1045, 1058 (5th Cir.1982). Although motions to strike are disfavored and infrequently granted, striking certain allegations can be appropriate when they have no possible relation to the controversy and may cause prejudice to one of the parties. See Jefferson Parish Consol. Garbage Dist. No. 1 v. Waste Mgmt. of La., No. 09-6270, 2010 WL 1731204 at *5 (E.D.La. Apr. 28, 2010); Berry v. Lee, 428 F.Supp.2d 546, 563 (N.D.Tex.2006). The district court possesses considerable discretion in ruling on a motion to strike. See Bailey Lumber & Supply Co. v. Georgia–Pacific Corp., No. 08-1394, 2010 WL 1141133 at *4-*5 (S.D.Miss. March 19, 2010).

Rule 26(c)(1) limits discovery to "any nonprivileged matter that is relevant to any party's claim or defense . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." F.R.C.P. 26(b)(1). Rule 26(c)(1)(D) provides that "the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." F.R.C.P. 26(c)(1)(D).

Comparative Economic Development Efforts

Under Rule 12(f), this Court holds that Plaintiffs' comparative economic development efforts are immaterial and impertinent to the issues currently before this Court. The City's obligation under the Cooperative Endeavor Agreement ("CEA") as to the Redevelopment Districts is as follows:

> The Parties agree to consult one another, in good faith, and in full cooperation in the execution of the obligations of the Parties, as described in this Article III.

Record Document 424, Section 3.04. As stated in a previous ruling, it is this Court's belief that the relevant issue at this stage is compliance with the consultation provision of Section 3.04 of the CEA, not "minimal effort" versus "complete commitment." Thus, Plaintiffs' implied argument that progress on one City economic development project is necessarily at the expense of the two Redevelopment Districts is immaterial to the issue of whether the City has consulted in good faith and in full cooperation with Plaintiffs on the development of the Barksdale Boulevard Redevelopment District and the Barksdale South Neighborhood Redevelopment District. Moreover, this Court believes the City would suffer prejudice if

such allegations remained in the motion and memorandum in support thereof because the City would be forced to expend public funds in responding to an immaterial argument, as other City projects are simply irrelevant to the matter at hand. See Jefferson Parish Consol. Garbage Dist. No. 1, 2010 WL 1731204 at *5; Berry, 428 F.Supp.2d at 563.

Likewise, at this stage, the Court finds that discovery on the issue of comparative economic redevelopment efforts is neither relevant, material, nor reasonably calculated to lead to the discovery of admissible evidence. This Court had previously deferred ruling on the City's objections to Plaintiffs' Notices of Depositions relating to Areas 7-15. See Record Document 492 at 2. The City's objections to Areas 7-15 are now **SUSTAINED**.

Based on the foregoing, the Motion to Strike and the Motion for Protective Order are **GRANTED** as to comparative economic redevelopment efforts. All references to economic development projects in areas of Bossier City other than South Bossier, including downtown, and discovery relating thereto, are to be stricken from Record Documents 475 and 475-1. Additionally, Plaintiffs are precluded from seeking discovery in this litigation on the City's economic development efforts in other areas of Bossier City, including the Downtown Bossier City Re-Envisioning Plan.

Boundaries for the Two Redevelopment Districts At Issue

The boundary issue has been decided, as this Court has held on at least three occasions that the district boundaries for the Redevelopment Districts at issue are limited to sub-districts 1 and 2 of the SWA Final Plan. See Record Documents 471-5 at 2; 453 at 2; and 492 at 1. Plaintiffs' request for reconsideration of this ruling is **DENIED**. See Record Document 494 at 8. Accordingly, the Motion to Strike and the Motion for Protective Order are **GRANTED** as to the boundary issue. All argument on the boundaries for the two

Redevelopment Districts, and discovery relating thereto, are to be stricken from Record Documents 475 and 475-1. Additionally, Plaintiffs are precluded from seeking discovery in this litigation on the determination of the boundaries from the two Redevelopment Districts at issue.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this the 27th day of October, 2015.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE