UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| U.L. COLEMAN COMPANY, LTD, ET AL. | CIVIL ACTION NO. 08-2011 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| BOSSIER CITY-PARISH METROPOLITAN PLANNING COMMISSION, ET AL. | MAGISTRATE JUDGE HORNSBY |

### ORDER

The Court has continuing jurisdiction in this case under the Consent Decree (Record Document 423). Given the ongoing nature of the community benefit projects, the undersigned believed a Special Master was needed to oversee redevelopment efforts and resolve any disputes relating to redevelopment. See Record Document 532. In June 2017, this Court appointed Jerald N. Jones as Special Master in the above-captioned matter. See id.

Pursuant to Court order, the Special Master is to be compensated for his time at a rate of $305.00 per hour. See id. at 2-3. As a general rule, all compensation and expenses of the Special Master shall be paid by the parties in the ratio of fifty percent (50%) by the Coleman Plaintiffs[1] and fifty percent (50%) by the City. See id. at 3.

In early January 2025, the Special Master contacted the Court regarding the representation of the Coleman Plaintiffs. James "Jim" McMichael, Jr. served as local and lead counsel for the Coleman Plaintiffs. Mr. McMichael died in August 2024. All other counsel for the Coleman Plaintiffs – David Stein, Joseph Looney, and Richard Eason –

---

[1] The Coleman Plaintiffs include UL Coleman Co Ltd, A Teague Parkway LLC, Sequoia Venture No 2 Ltd, and Walker Place LLC.

have been permitted to withdraw and/or are no longer maintaining an active law practice.[2] Thus, the Coleman Plaintiffs are left without counsel.

It is a "well-settled rule of law that a corporation cannot appear in federal court unless represented by a licensed attorney." Memon v. Allied Domecq QSR, 385 F.3d 871, 873 (5th Cir. 2004), citing Rowland v. California Men's Colony, 506 U.S. 194, 202, 113 S.Ct. 716 (1993) ("the lower courts have uniformly held that 28 U.S.C. § 1654 . . . does not allow corporations, partnerships, or associations to appear in federal court otherwise than by licensed counsel"). While 28 U.S.C. § 1654 authorizes individuals to appear in federal courts *pro se*, the statute is silent regarding corporations. See Memon, 385 F.3d at 873. "The lack of authorization in § 1654 has been interpreted as barring corporations [and other fictional legal persons] from appearing in federal court without an attorney." Id.

The Coleman Plaintiffs are hereby given **30 days** to enroll new counsel. According to the Louisiana Secretary of State website, the registered agent for at least three of the Coleman Plaintiffs is William M. Comegys, III. Two different addresses are listed for Mr. Comegys: 333 Texas Street, Suite 825, Shreveport, Louisiana, 71101 and 401 Market Street, 600 Am. Tower, Shreveport, Louisiana, 71101. To ensure notice, the Court hereby **ORDERS** the United States Marshals Service to serve the instant order on Mr. Comegys, the registered agent for A Teague Parkway LLC, Sequoia Venture No 2 Ltd,

---

[2] Richard Eason was permitted to withdraw as counsel in July 2022. See Record Documents 564-565. On January 17, 2025, Joseph Looney confirmed with the Court that he is no longer active counsel for the Coleman entities. David Stein is now Senior Associate General Counsel for Litigation at Tulane University.

and Walker Place LLC.  If the Coleman Plaintiffs have not enrolled new counsel within 30 days of service, the Court will terminate the appointment of the Special Master.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 5th day of February, 2025.

_____
United States District Judge